**WILSHIRE HOLDING CORPORATION, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15971.**

United States Court of Appeals
Ninth Circuit.
Nov. 28, 1958.

**52**

Murray M. Chotiner, Russell E. Parsons, Beverly Hills, Cal., for petitioner.

Charles K. Rice, Asst. Atty. Gen., Davis W. Morton, Jr., David O. Walter, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before CHAMBERS, BARNES and HAMLEY, Circuit Judges.

PER CURIAM.

■ Under a 1929 instrument called a "lease" affecting a single piece of real estate in Los Angeles, Wilshire Holding Company's predecessor agreed to pay a total of $679,380.00 in "rent" over a period of 68 years to Walburga Oesterreich, owner. At the end of the term the "lessee" would acquire full title by making a nominal payment of ten dollars.

On income tax consequences of the transaction, we have had two companion cases, Oesterreich v. Commissioner, 9 Cir., 226 F.2d 798, and Commissioner of Internal Revenue v. Wilshire Holding Corporation, 9 Cir., 244 F.2d 904, 905. The two cases came up simultaneously from the Tax Court.

For some years after the "lease" was executed the Commissioner of Internal Revenue accepted it as it was labeled, giving the "lessee" a deduction for "rent" payments and charging the lessor with receipt of ordinary income. Eventually, the Commissioner reversed himself, taking the position on subsequent installments that they were payments on a purchase price, not rent. The issues went to the Tax Court, which as to both taxpayers, took the view that the labels on the agreement were correct and held Commissioner's second position was wrong.

Our considered opinion on the issue is in Oesterreich v. C. I. R., supra. Deeming that Wilshire had been fully heard at the argument on Oesterreich, we reversed the Wilshire case in a per curiam opinion, C. I. R. v. Wilshire Holding Corporation, supra.

In the Oesterreich case, confirmed in our ruling in Wilshire, we held, tested objectively and without parol evidence, the legal effect of the "lease" was a sale and purchase and not a rental of real estate with an ultimate sale for ten dollars. Wilshire sought certiorari which was denied, 355 U.S. 815, 879, 78 S.Ct. 16, 138, 2 L.Ed.2d 32, 109.

Both cases went back to the Tax Court and Wilshire is here again. On the second appearance before the Tax Court Wilshire sought to apportion each monthly payment between purchase price and "rent" for the land. Wilshire relied heavily upon a sentence in Oesterreich (226 F.2d at page 803): "Certainly a part of each payment is going toward the acquisition of this land and to this extent Wilshire Corporation does have an equity." This contention of apportionment between rent and purchase price the Tax Court has rejected. This,

on review, we hold was correct. The tax law just does not contemplate that one may be a renter and buyer at the same time of the same thing. If one is acquiring an equity in the property, he cannot simultaneously be the lessee for tax purposes.

However, we do not construe our holding in the two cases as preventing the Tax Court or the Commissioner from considering whether a formula should be adopted on an amortized basis of apportioning the monthly payments between principal and interest. We assume if such is appropriate a mathematical formula and an appropriate legal interest rate may be found.

■ A quicker conclusion might be brought to this litigation if this court would now rule on this question of an allowance to Wilshire for interest. But it is deemed more appropriate that the Tax Court first consider the question of whether Wilshire is entitled to apportion part of each payment to "interest paid." Roughly, interest is the rental price of money.

■ It may be argued that our ruling does not have sufficient "ground" in the way of a legal point made in the Tax Court, or here in the assignments of error. However, it is apparent that the Tax Court thought it was required by us to treat every dollar paid by Wilshire as a capital payment. Upon this misapprehension, the case as renewed there proceeded. Under the circumstances, we hold the point made by Wilshire there and here, while wrong, is sufficiently broad to permit consideration of a division between principal and interest. Wilshire indicates it wants to make some other deductions. We think such are now too late. It is the law of the case that the monthly payments are not rental payments for income tax purposes. The payments are for the purchase of the property as we have previously held. The question of an allocation of the payments between principal and interest is still open. That is all.

We are confident that the Tax Court will give the seller-lessor, Oesterreich,

due opportunity to be heard so that there may be consistent results for both taxpayers.

Reversed for proceedings consistent with this opinion.